1  LEVY, RAM & OLSON LLP
   Michael F. Ram (SBN 104805)
2  mfr@lrolaw.com
   639 Front Street, 4th Floor
3  San Francisco, CA 94111
   Tel: 415-433-4949
4  Fax: 415-433-7311

5  SPECTOR, ROSEMAN & KODROFF, P.C.
   Robert M. Roseman
6  rroseman@srk-law.com
   David Felderman
7  dfelderman@srk-law.com
   1818 Market Street, Suite 2500
8  Philadelphia, PA 19103
   Tel: 215-496-0300
9  Fax: 215-496-6611

10 *Counsel for Lead Plaintiff Movant
   Reza Karkonan*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re LDK Solar Securities Litigation | MASTER FILE NO. C-07-05182-WHA |
| This Document Relates to: | |
| ALL ACTIONS | |
| REZA KARKONAN, Individually and on Behalf of All Others Similarly Situated, | CIVIL ACTION NO. 07-cv-5752 |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF REZA KARKONAN FOR APPOINTMENT AS LEAD PLAINTIFF** |
| LDK SOLAR CO., LTD., LDK SOLAR USA, INC., XIAOFENG PEN, AND JACK K. LAI | |
| Defendants. | Date: December 5, 2007<br>Time: 2:00 p.m.<br>Courtroom: 9<br>[Hon. William H. Alsup] |

## I. INTRODUCTION

In accordance with the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, and for the reasons set forth below, Reza Karkonan ("Plaintiff" or "Movant"), respectfully moves this Court for an Order appointing him Lead Plaintiff on behalf of himself and all others similarly situated who purchased or otherwise acquired the common stock of LDK Solar Co. Ltd. (hereinafter "LDK" or the "Company") from August 1, 2007 through October 3, 2007, inclusive (the "Class Period") and incurred damages as a result of the Defendants' alleged violations of the federal securities laws.[1]

At least four complaints have been filed in this Court against LDK and several other defendants ("Defendants") for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). In addition, at least three actions have been filed in the Southern District of New York.[2] The three actions that were filed in the Northern District of California prior to the filing of the above-entitled action have already been consolidated pursuant to this Court's November 7, 2007 Order.[3] These complaints (the "Related Actions") are predicated upon the Defendants' false and misleading statements that were issued during the Class Period.

Movant suffered substantial damages, estimated at nearly $42,000, as a result of Defendants' misleading conduct.[4] To Movant's knowledge, these damages exceed those of any

---

[1] Pursuant to the Court's November 14, 2007 Order issued in the *Candelore v. LDK Solar Co. Ltd., et al.*, Case No. C-07-5182-WHA, no motion for lead counsel is concurrently being filed.

[2] These are (1) *Tsang v. LDK Solar Co., Ltd. et al*, 1:07-cv-08706; (2) *Lui v. LDK Solar Co., Ltd. et al*, 1:07-cv-08766; and (3) *Halidou v. LDK Solar Co., Ltd. et al*, 1:07-cv-09745

[3] Counsel is currently circulating a stipulation to consolidate the above-entitled case with the Related Actions, which has been executed by some but not yet all other parties and which counsel expects to present to the Court shortly. (Declaration of Michael F. Ram, ¶ 5.)

[4] The losses suffered by Movant, as detailed herein, are not the same as legally compensable damages, measurement of which is often a complex legal question, which cannot be determined at this stage of the litigation. However, the approximate losses can be determined from the executed certification required under Section 21D of the Exchange Act and based upon reference to information concerning the market for LDK securities. Plaintiff has made a preliminary estimate of these damages. (*See,* Declaration of Michael F. Ram, Exhibit "A"

other plaintiff or group of plaintiffs in the Related Actions. Thus, under Section 21D of the Exchange Act, Movant is presumptively the "most adequate plaintiff" and should be appointed as lead plaintiff because he has "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Plaintiff is otherwise fully qualified and able to serve as lead plaintiff and should be appointed lead plaintiff.

## II.     FACTUAL BACKGROUND

This is a federal class action on behalf of purchasers of the common stock of LDK between August 1, 2007 and October 3, 2007, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act"). The complaint charges that LDK and several of its officers and directors violated the Securities Exchange Act of 1934. Specifically, the complaint alleges that the Company and the Defendant officers and directors improperly failed to disclose and misrepresented material adverse facts, including the fact that the Company had significantly less feedstock inventory than it claimed to have and the fact that only a fraction of the feedstock inventory it did have was of sufficient quality for use in the manufacture of silicone wafers.

The revelation of alleged improprieties at the Company led to a sharp drop in the Company's stock price. On October 3, 2007, Piper Jaffray stated in a research note that it had "confirmed that the LDK financial controller recently left the company," and was "aware of the former controller's allegations of poor financial controls and a 250-tonne inventory discrepancy." On this news, the Company's shares declined $16.66 per share, or over 24 percent, to close on October 3, 2007 at $51.65 per share, on heavy trading volume.

On October 4, 2007, the Company stated that it had formed a committee to investigate the allegations and conduct a physical inventory of LDK's polysilicon materials. The Company indicated that it had found no "material discrepancies" as compared to its financial statements, but that it had solicited an accounting firm to conduct a separate review. On this news, the Company's shares declined an additional $3.35 per share, or 6.5 percent, to close on October 4,

---

(PSLRA Certification.)

2007 at $48.30, again on heavy trading volume.

Then on October 8, 2007, Barron's reported that the Company "may be overstating earnings and the value of its inventories." The report indicated that the Company's inventories "may be overvalued by as much as $82 million," and that the quality of the Company's silicon ingots "is so low that a recent production run produced tons of them that were too contaminated for technicians to analyze." On this news, the Company's shares declined an additional $13.45 per share, or over 26 percent, to close on October 8, 2007 at $37.50 per share, also on heavy trading volume.

Plaintiff, Reza Karkonan, seeks to be appointed lead plaintiff to represent the interests of all LDK shareholders who sustained damages as a result of Defendants' false and misleading statements during the Class Period.

### III. MOVANT SATISFIES THE LEGAL PREREQUISITES FOR APPOINTMENT AS LEAD PLAINTIFF

#### A. Movant Is Presumptively the Most Adequate Plaintiff

The PSLRA sets forth a detailed procedure for the appointment of lead plaintiffs in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a). Specifically, the PSLRA provides that this Court:

> shall appoint as lead plaintiff the member or members of the purported plaintiff class that *the court determines to be most capable of adequately representing the interests of class members* (hereafter in this paragraph referred to as the "most adequate plaintiff") in accordance with this subparagraph.

15 U.S.C. § 78u-4(a)(3)(B)(i) (emphasis added). In adjudicating this motion, the Court must be guided by a presumption that the most adequate plaintiff is the person or group of persons who (a) filed the Complaint or made a motion to serve as lead plaintiff, (b) has the largest financial interest in the relief sought by the class, and (c) who otherwise satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I). This presumption may be rebutted only by proof that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(II).

Movant satisfies each of these requirements. First, Plaintiff Reza Karkonan filed a Complaint on or about November 14, 2007. Moreover, Mr. Karkonan is now moving to serve as lead plaintiff and has completed the Court Questionnaire to Lead Plaintiff Candidates. (*See*, Declaration of Michael F. Ram, Exhibit "B".) Second, during the Class Period, Plaintiff suffered losses of nearly $42,000.00 and believes that he has the largest financial interest in the relief sought by the Class. Third, as set forth below, Plaintiff otherwise satisfies the requirements of Rule 23 of the Federal Rule of Civil Procedure. Therefore, Reza Karkonan respectfully requests that he be appointed lead plaintiff.

### B.    Movant Satisfies The Requirements of Rule 23

The PSLRA provides a detailed procedure for the selection of the lead plaintiff (or plaintiffs) to oversee securities class actions. First, within twenty (20) days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class of the pendency of the action, the claims asserted therein, and the purported class period; and that, not later than sixty (60) days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). In this case, notice was first published on *Business Wire* on October 9, 2007. (*See*, Declaration of Michael F. Ram, Exhibit "C.") Accordingly, this motion is timely filed within sixty (60) days of the date of publication.

The Court is directed by the PSLRA to consider any motions brought by plaintiffs or purported class members to appoint lead plaintiffs filed in response to any such notice not later than ninety (90) days after the date of publication, or as soon as practicable after this Court decides any pending motion to consolidate any actions asserting substantially the same claims. *See* 15 U.S.C. §78u-4(a)(3)(B)(i).

In addition to requiring that the lead plaintiff have the largest financial interest, the PSLRA requires that the lead plaintiffs must "otherwise satisf[y] the requirements of Rule 23[5] of

---

[5] With respect to the claims of the class representative, Rule 23(a) requires that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law

the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-(4)(a)(3)(B)(iii)(I)(cc). However, "[a] wide-ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification." *Takeda v. Turbodyne Technologies,* 67 F.Supp.2d 1129, 1136 (C.D.Cal. 1999) (*quoting Fischler v. AmSouth Bancorp.*, 1997 WL 118429, *2 (M.D.Fla. 1997)). *See also, In re Milestone Sci. Sec. Litig.,* 183 F.R.D. 404, 412 (D.N.J. 1998). Moreover, typicality and adequacy of representation are the only provisions relevant to the determination of lead plaintiffs under the PSLRA. *Takeda,* 67 F.Supp.2d at 1131-1135. *See also, In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job.").

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). *Miller v. Ventro Corporation*, 2001 WL 34497752, *11 (N.D.Cal. Nov. 28, 2001). *See also, Armstrong v. Davis,* 275 F.3d 849, 868 (9th Cir. 2001). In other words, the typicality requirement is satisfied "when the named plaintiff (1) has suffered the same injuries as the absent class members; (2) as a result of the same course of conduct by defendants; and (3) their claims are based on the same legal issues." *Roth v. Knight Trading Group, Inc.*, 228 F.Supp.2d 524, 529 (D.N.J. 2002) (citing *Weiss v. York Hospital,* 745 F.2d 786, 809 n. 36 (3d Cir. 1984)). As one court noted, "The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class. Complete identification between the claims constituting each individual action is not required." *Chisholm v. Transouth Fin. Corp.,* 184 F.R.D. 556, 563 (E.D. Va. 1999). *See also, Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998) ("Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be

---

or fact common to the class; (3) such claims are typical of those of the class; and (4) the representative will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Master File No. C-07-05182-WHA – MEMORANDUM OF LAW IN SUPPORT OF MOTION OF REZA KARKONAN FOR APPOINTMENT AS LEAD PLAINTIFF AND CONSOLIDATIONN OF RELATED ACTIONS

6

substantially identical."). The typicality requirement is plainly satisfied in this case, where Movant seeks the same relief and advance the same legal theories as other class members.

Movant's claims are typical of those of the Class. He alleges, as do all class members, that Defendants violated the Securities Exchange Act. Movant, as did all members of the Class, acquired LDK securities at prices artificially inflated by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the class claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The Ninth Circuit has held that representation is 'adequate' when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive." *Takeda*, 67 F.Supp.2d 1137. *See also Hanlon,* 150 F.3d at 1020; *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (citation omitted). Additionally, "the class representative must have a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda*, 67 F.Supp.2d at 1137.

Movant is an adequate representative for the class. There is no antagonism between Movant's interests and those of the class. Indeed, the interests of Mr. Karkonan and absent Class member investors are squarely aligned. Moreover, Movant promptly retained counsel highly experienced in prosecuting securities class actions to vigorously and efficiently bring an action and represent the class. Furthermore, Movant suffered a substantial loss in the form of the diminution of value in the price of its LDK stock. As such, Reza Karkonan has a sufficient interest in the outcome of the case to ensure vigorous prosecution of the action. Therefore, Movant satisfies the adequacy requirement.

IV. **CONCLUSION**

Based on the foregoing, Movant respectfully requests that the Court (i) appoint Reza Karkonan as Lead Plaintiff; and (ii) grant such other relief as the Court may deem to be just and proper.

Dated: November 21, 2007

By:     */s/ Michael F. Ram*
Michael F. Ram (SBN 104805)
mfr@lrolaw.com
LEVY, RAM & OLSON, LLP
639 Front Street, 4th Floor
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

Robert M. Roseman
rroseman@srk-law.com
David Felderman
dfelderman@srk-law.com
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 496-0300
Facsimile: (215) 496-6611

*Proposed Lead Counsel*

---